In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Denis W. DUGAN, Attorney at Law.

Supreme Court

*No. 83–349–D. Filed June 1, 1983.*
(Also reported in 334 N.W.2d 228.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

On February 28, 1983, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging the following four counts of unprofessional conduct against Denis W. Dugan, an attorney admitted to practice in Wisconsin in 1967, and who resides in Milwaukee and practices in Cudahy:

(1) In 1970 the respondent was retained to file an action against a dentist, who allegedly had performed extensive dental work resulting in serious injury and hospitalization. Over the next five years, the client regularly requested information from the respondent as to the progress of the case, and on several occasions the respondent told her that a suit had been filed and was

proceeding properly, when in fact no lawsuit was ever filed. In July of 1976 the client retained a new attorney, but by that time the statute of limitations regarding dental malpractice had expired, as had the statute of limitations regarding the respondent's negligence in pursuing the malpractice matter. In May of 1979 the client obtained a judgment against the respondent based upon fraud and deceit for his having misinformed her as to the status of the malpractice claim. It was alleged that such conduct violated SCR 20.04(1), 20.04(4) and 20.32 (3).

(2) In October of 1979 the respondent was retained to represent a person in divorce proceedings, as a part of which the client was awarded the family home. As part of his representation, the respondent was to obtain a quitclaim deed from the former spouse of his client and to record that deed. The respondent obtained the deed on March 17, 1980, and for the following two and one-half years, the client repeatedly contacted the respondent and requested that the deed be recorded. As of January, 1983, the deed had not been recorded. It was alleged that such conduct violated SCR 20.04(1) and 20.32(3).

(3) In May of 1982 the respondent was retained to begin divorce proceedings on his client's behalf. The respondent requested and was paid $355 in advance. From May through August of 1982, the client repeatedly attempted to learn the status of the proceeding, and on August 13, 1982, the respondent told her by telephone that a hearing had been scheduled in the office of the family court commissioner. The client went to the courthouse on the day of the hearing and found that the respondent was not present, that no such hearing had been scheduled and that no divorce action had been commenced on her behalf. When the client subsequently informed the respondent that she was retaining other

counsel, the respondent agreed to return a portion of her retainer. On October 27, 1982, the respondent wrote a check to the client in the amount of $150, but that check was not honored upon presentation because the account on which it had been written had been closed. In addition to the check, the respondent had sent the client a handwritten note promising that an additional $150 would be paid on November 1, 1982. The respondent has never made good on the worthless check, nor has he paid the additional $150. It was alleged that such conduct violated SCR 20.04(1), 20.04(3), 20.04(4), 20.16(1)(c) and 20.32(3).

(4) The respondent was retained in May of 1982 to commence an action for specific performance on a commercial real estate lease, for which the client paid the respondent $500. The client telephoned the respondent on numerous occasions over a period of months, but the respondent failed to return those calls. The client went to the respondent's office on several occasions, at which time the respondent informed him that depositions had been scheduled but that they had been subsequently canceled. The client never received a copy of the summons or complaint in the matter, never received a copy of any notice of depositions and believes that no action was ever commenced on his behalf. It was alleged that such conduct violated SCR 20.04(1), 20.04(4) and 20.32(3).

We referred the matter to the Hon. Franklin W. Clarke as referee, pursuant to SCR 21.09(4). At a scheduling conference held in the matter on April 6, 1983, the respondent stated that he probably would not file an answer to the complaint but requested a few days to consider the matter and perhaps seek the advice of counsel. By agreement of both parties, the matter was continued for one week with the provision that, if a stipulation was received by the referee within that time, the referee would file his report on the basis of such stipulation, and that if no

stipulation was received, the referee would consider the matter in default and would file his report on that basis. The respondent filed neither an answer nor stipulation within the time specified.

The referee filed his report and recommendation with the court on April 15, 1983, in which he made findings of fact consistent with the allegations of the complaint. In it he noted that the respondent had previously been disciplined for neglecting legal matters entrusted to him. The referee concluded that the respondent neglected the legal matter and deceived and defrauded his client in the malpractice matter, in violation of SCR 20.32(3) and 20.04(4), that he neglected the legal matter concerning the deed, in violation of SCR 20.32(3), that he neglected the legal matter and deceived and defrauded his client in the divorce matter, in violation of SCR 20.32(3), 20.04 (4) and 20.16(c), and that he neglected the legal matter and misrepresented information to his client in the lease matter, in violation of SCR 20.32(3) and 20.04(4). The referee also concluded that all of the respondent's misconduct constituted violations of SCR 20.04(1).

The referee recommended that the respondent's license to practice law in Wisconsin be revoked and that he be required to pay the costs of the disciplinary proceeding within 60 days. The referee also recommended that the respondent be required to show that he has made full restitution to his clients in the malpractice, divorce and lease matters at such time as he applies for reinstatement of his license.

We hereby adopt the findings, conclusions and recommendations of the referee.

IT IS ORDERED that the license of Denis W. Dugan to practice law in Wisconsin is revoked effective July 1, 1983.

IT IS FURTHER ORDERED that, within 60 days of the date of this order, Denis W. Dugan pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $694.11.

IT IS FURTHER ORDERED that in the event Denis W. Dugan applies for reinstatement of his license to practice law in Wisconsin, he show at such time that he has made full restitution to his clients in the malpractice, divorce and lease matters specified herein.