In the Matter of Disciplinary Proceedings Against
Thomas H. Koch, Attorney At Law:

Office of Lawyer Regulation, Complainant,

v.

Thomas H. Koch, Respondent.

Supreme Court

*No. 2010AP1047–D. Decided August 25, 2010.*

2010 WI 106

(Also reported in 787 N.W.2d 814.)

¶ 1. PER CURIAM.  Attorney Thomas H. Koch

49

has filed a petition for consensual license revocation pursuant to SCR 22.19.[1] He states he cannot successfully defend against the professional misconduct allegations being investigated by the Office of Lawyer Regulation (OLR). The OLR initiated an investigation with respect to one count of theft contrary to Wis. Stat. § 943.20(1)(b), involving Attorney Koch's conversion of over $2,400,000 in subrogated funds he collected on behalf of a client.

¶ 2.   Attorney Koch was admitted to the practice of law in Wisconsin in 1990. He has practiced in Milwaukee.

¶ 3.   On February 22, 2010, Attorney Koch was charged in Milwaukee County circuit court with one felony count of violating Wis. Stat. § 943.20(1)(b), Theft-Business Setting greater than $10,000. Attorney Koch converted for his own use funds that he collected on behalf of his client beginning in November 2001 and continuing until September 2008.[2] Attorney Koch di-

---

[1] SCR 22.19 provides, in part:   Petition for consensual license revocation.

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

. . .

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

[2] *See State v. Thomas H. Koch*, Milwaukee County Circuit Court case number 2010CF813; *see also ACS Recovery Services, Inc. v. Thomas H. Koch, et al.*, Milwaukee County Circuit Court case number 2009CV19762.

rected third parties to make subrogated claim settlement checks payable to him or to his trust account so that he could convert some or all of the settlement funds. Attorney Koch's client has calculated over $2,400,000 of its funds were collected by Attorney Koch. According to the criminal complaint, Attorney Koch admitted he has stolen huge amounts of settlement money owed to his client. He explained he gambled away almost all of the embezzled money at local casinos.

¶ 4. Attorney Koch states he freely, voluntarily, and knowingly files his petition for the consensual revocation of his license to practice law in Wisconsin. Attorney Koch acknowledges he cannot successfully defend himself against the professional misconduct alleged in the OLR investigation. He states that after he was confronted by his client, he fully cooperated in the client's investigation of his actions. He states he has been diagnosed as a compulsive gambler and is undergoing treatment.

¶ 5. Attorney Koch acknowledges that if this court grants his petition and revokes his license to practice law in Wisconsin, SCRs 22.26 through 22.33 apply. He states he has been represented by counsel who assisted him with the petition, but at the time of the filing of his petition, Attorney Koch is representing himself. He acknowledges he is giving up his right to contest the alleged misconduct.

¶ 6. The OLR recommends this court grant Attorney Koch's petition and revoke his Wisconsin law license. The OLR states Attorney Koch has dramatically abused his client's trust from November 2001 through September 2008 by converting funds he collected from third parties. The OLR is not seeking an assessment of costs. The OLR recommends the court require Attorney Koch to comply with all judgments, awards or restitution

51

orders relating to the misconduct subject of his consensual revocation petition that would be issued against him by any other court.

¶ 7.   We accept Attorney Koch's petition for consensual license revocation and we revoke Attorney Koch's license to practice law in Wisconsin. We order that as a condition of any future reinstatement, Attorney Koch shall prove he has made full restitution to his former client. *See* SCR 22.29(4m); *see also In re Disciplinary Proceedings Against Dugan,* 112 Wis. 2d 653, 656, 334 N.W.2d 228 (1983). Because the OLR does not seek costs, no costs are imposed.

¶ 8.   IT IS ORDERED that the license to practice law of Thomas H. Koch is revoked, effective the date of this order.

¶ 9.   IT IS FURTHER ORDERED that, to the extent he has not already done so, Thomas H. Koch shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been revoked.

¶ 10.   IT IS FURTHER ORDERED that as a condition of reinstatement of his license to practice law in Wisconsin, Thomas H. Koch shall demonstrate he has made full restitution to or settled all claims of persons harmed by the misconduct subject of this proceeding as set forth in the complaint.