IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Daniel R. GRADE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Daniel R. GRADE, Respondent.

Supreme Court

*No. 2006AP814–D. Decided July 24, 2007.*

2007 WI 108

(Also reported in 735 N.W.2d 523.)

¶ 1. PER CURIAM. We review a referee's report and recommendation for discipline recommending that the license of Attorney Daniel R. Grade to practice law in Wisconsin be revoked. The referee's report incorporates a stipulation entered into between Attorney Grade and the Office of Lawyer Regulation (OLR) whereby Attorney Grade stipulated to 36 counts of misconduct alleged in a complaint filed by the OLR on April 5, 2006. We

adopt the referee's findings of fact and conclusions of law and agree that Attorney Grade's license to practice law in Wisconsin should be revoked. We also agree with the referee that Attorney Grade should be required to pay the entire costs of the proceeding.

¶ 2.  Attorney Grade was admitted to practice law in Wisconsin in 1993. His most recent address, as furnished to the State Bar of Wisconsin, is in Wauwatosa. Attorney Grade's license was administrative suspended in June 2004 due to his failure to report mandatory continuing legal education (CLE) requirements. His license was temporarily suspended on August 24, 2004, pursuant to SCR 22.03(4),[1] due to his failure to cooperate with two OLR grievance investigations. His license remains suspended.

---

[1] SCR 22.03(4) provides:    Investigation.

> (4) If the respondent fails to respond to the request for written response to an allegation of misconduct or fails to cooperate in other respects in an investigation, the director, or a special investigator acting under SCR 22.25, may file a motion with the supreme court requesting that the court order the respondent to show cause why his or her license to practice law should not be suspended for willful failure to respond or cooperate with the investigation. All papers, files, transcripts, communications, and proceedings on the motion shall be confidential and shall remain confidential until the supreme court has issued an order to show cause. The license of an attorney suspended for willful failure to respond or cooperate with an investigation may be reinstated by the supreme court upon a showing of cooperation with the investigation and compliance with the terms of suspension. The director or the special investigator shall file a response in support of or in opposition to the reinstatement within 20 days after the filing of an attorney's request for reinstatement. Upon a showing of good cause, the supreme court may extend the time for filing a response.

The OLR's complaint alleged that Attorney Grade's license was suspended pursuant to SCR 22.23(4). It is apparent that this citation was in error and that the applicable supreme court rule is SCR 22.03(4) as cited above.

¶ 3. As previously noted, in April 2006 the OLR filed a complaint alleging 36 counts of misconduct. The majority of the counts of misconduct related to Attorney Grade's handling of probate matters. He was also alleged to have engaged in misconduct while representing clients in a real estate transaction and a collection matter. In addition, the complaint alleged that Attorney Grade willfully failed to cooperate with the OLR's investigation of various grievances.

¶ 4. Stanley F. Hack was appointed referee on May 10, 2006. Various telephone conferences were held. A hearing before the referee was held on October 24, 2006, at which time testimony was taken from various witnesses and various exhibits were introduced and received. At the close of the hearing Attorney Grade and the OLR entered into a stipulation whereby Attorney Grade stipulated to the misconduct alleged in all 36 counts of the OLR's complaint.

¶ 5. The referee issued his report and recommendation on February 22, 2007. The referee noted that Attorney Grade admitted he had abandoned his practice of law without any notification to his clients or the courts and, as a result, breached his fiduciary duties to his clients, the court and the OLR. The referee also noted that a receiver had been appointed to take over Attorney Grade's law practice, pursuant to SCR 12.03(2).[2]

---

[2] SCR 12.03(2) provides in relevant part: Sole practitioners; death or disappearance.

(2) Disappearance.

(a) Upon the abandonment or disappearance of an attorney who is a sole practitioner that continues for not less than 21 days, any interested person or person licensed to practice law in this state may file a petition in the circuit court for the county in which the attorney resided or maintained his or her office alleging the abandonment or disappearance and that no satisfactory arrangements have been made to continue the practice. The petition and

¶ 6. The referee found that all 36 counts of misconduct alleged in the OLR's complaint had been proven. Specifically, the referee found that Attorney Grade violated SCRs 20:1.4(a),[3] 20:1.3,[4] 20:8.4(c),[5] 20:1.5(b),[6] 20:8.4(f),[7] 20:1.16(d),[8]

a notice of hearing shall be served personally upon the attorney. If personal service upon the attorney cannot be accomplished, notice by publication of a class 1 notice, as provided in ch. 985 of the statutes, and mailing shall be sufficient service, except that the court may determine that additional notice is required. Upon a finding that the attorney has disappeared or abandoned his or her practice, if no other satisfactory arrangements have been made to continue the practice, the court shall appoint a trustee attorney and notify the office of lawyer regulation of the appointment.

[3] SCR 20:1.4(a) states that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] SCR 20:1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[5] SCR 20:8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[6] SCR 20:1.5(b) states that "[w]hen the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation."

[7] SCR 20:8.4(f) states that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[8] SCR 20:1.16(d) states: Declining or terminating representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

| 20:3.2,[9] | 20:3.4(c),[10] | 22.03(6),[11] | 22.04(1),[12] |
| 21.15(4),[13] | | 22.03(2),[14] | former |

[9] SCR 20:3.2 states that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

[10] SCR 20:3.4(c) states that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

[11] SCR 22.03(6) states that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[12] SCR 22.04(1) states that "[t]he director may refer a matter to a district committee for assistance in the investigation. A respondent has the duty to cooperate specified in SCR 21.15(4) and 22.03(2) in respect to the district committee. The committee may subpoena and compel the production of documents specified in SCR 22.03(8) and 22.42."

[13] SCR 21.15(4) states that "[e]very attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys."

[14] SCR 22.03(2) states: Investigation.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

20:1.15(b),[15] and former 20:1.15(f).[16]

¶ 7. As to the appropriate sanction to be imposed for Attorney Grade's misconduct, the referee noted that Attorney Grade testified at the hearing that he suffered from depression. He implied his medical condition mitigated his misconduct. The referee rejected this contention, noting that the depression was diagnosed significantly after most of the conduct alleged in the OLR's complaint had already occurred. The referee also noted there was no physician testimony presented at the hearing, and the referee concluded the medical evidence was insufficient to support a connection between the misconduct and the medical condition.

---

[15] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(b) stated: Safekeeping property.

    (b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[16] Former SCR 20:1.15(f) stated: Safekeeping property.

    (f) Upon request of the office of lawyer regulation, or upon direction of the Supreme Court, the records shall be submitted to the office for its inspection, audit, use, and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

Currently, effective July 1, 2004, similar information is now cited as SCR 20:1.15(e)(7).

¶ 8. The referee noted that the allegations in the OLR's complaint, which were fully stipulated, were very serious and involved the abandonment of Attorney Grade's law practice, neglect of many probate matters, misrepresentations to clients, failure to cooperate with the OLR, and a lack of effort to return funds owed to clients. The referee recommended that Attorney Grade's license be revoked, that he be required to provide an accounting, that he make appropriate restitution, and that he pay the entire costs of the proceeding, which are $6621.52 as of March 14, 2007.

¶ 9. The allegations in the OLR's complaint, which were adopted by the referee, mentioned possible discrepancies in Attorney Grade's accounting and possible overcharges in a number of client matters detailed. The precise amounts Attorney Grade might owe to any of his former clients were, however, unclear. For that reason, on April 17, 2007, this court issued an order requesting the OLR and Attorney Grade to submit written statements setting forth the amount of restitution they believed was owed and to whom it was owed. Attorney Grade failed to respond. The OLR filed a response saying it lacked sufficient records to determine the exact restitution that might be owed. It suggested this court order Attorney Grade to submit an accounting of funds regarding each client mentioned in the OLR's complaint and order him to reimburse any unearned fees to those clients.

¶ 10. This court upholds a referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Carroll*, 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. This court independently reviews the referee's legal conclusions. *Id.* Here, the record supports the referee's findings of

fact and legal conclusions, and they are unchallenged. Therefore, this court approves and adopts both the referee's findings of fact and conclusions of law.

¶ 11.  It is ultimately this court's responsibility to determine the appropriate discipline to impose. *See In re Disciplinary Proceedings Against Reitz*, 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. The seriousness of Attorney Grade's professional misconduct demonstrates that it is necessary to revoke his license to practice law in Wisconsin to protect the public, courts and legal system from the repetition of misconduct, as well as to impress upon Attorney Grade the seriousness of his misconduct and deter other attorneys from engaging in misconduct. We also agree with the referee that Attorney Grade should pay the full costs of the proceeding.

¶ 12.  As to the issue of restitution, while it appears that Attorney Grade may very well owe restitution to one or more clients, the court is unable to determine from the record what amounts are owed and to whom they are owed. Consequently, rather than making a specific award of restitution at this time we deem it appropriate to require Attorney Grade as a condition of the reinstatement of his license to practice law in Wisconsin, to provide a full accounting of funds regarding each client mentioned in the OLR's complaint and to reimburse any unearned fees to his clients.

¶ 13.  IT IS ORDERED that the license of Daniel R. Grade to practice law in Wisconsin is revoked, effective the date of this order.

¶ 14.  IT IS FURTHER ORDERED that within 60 days of the date of this order Daniel R. Grade pay to the Office of Lawyer Regulation the costs of this proceed-

ing. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Daniel R. Grade will remain revoked until further order of the court.

¶ 15.   IT IS FURTHER ORDERED that as a condition of reinstatement of his license to practice law in Wisconsin Daniel R. Grade furnish a complete accounting of funds regarding each client mentioned in the OLR's disciplinary complaint and reimburse any unearned fees to those clients.

¶ 16.   IT IS FURTHER ORDERED that to the extent he has not already done so, Daniel R. Grade comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.