# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1247-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Thomas D. Vaitys, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>   Complainant,<br>  v.<br>Thomas D. Vaitys,<br>   Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST VAITYS

| | |
|---|---|
| OPINION FILED: | August 22, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP1247-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Thomas D. Vaitys, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Thomas D. Vaitys,**

      **Respondent.**

**FILED**

**AUG 22, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. Pending before the court is a report and recommendation filed by Referee Richard M. Esenberg. The report recommends that we accept Attorney Thomas D. Vaitys' petition for consensual license revocation, order him to pay restitution, and revoke his license to practice law in Wisconsin. Attorney Vaitys is the subject of an Office of Lawyer Regulation (OLR) disciplinary complaint alleging that he committed 19 counts of professional misconduct in several client matters. He is also

the subject of two pending grievances that have not yet been fully investigated by the OLR.

¶2 We agree that both revocation and restitution are appropriate, and we agree that Attorney Vaitys shall pay the costs of this proceeding, which are $4,703.85 as of July 10, 2019.

¶3 Attorney Vaitys was admitted to the practice of law in Wisconsin in 2004. He currently resides in Sonora, California. He has not previously been subject to professional discipline. His law license has been suspended, however, for failure to pay State Bar dues, failure to provide a required trust account certification, and for failure to comply with CLE reporting requirements.

¶4 On June 28, 2017, the OLR filed a disciplinary complaint charging Attorney Vaitys with 19 counts of professional misconduct. Referee Esenberg was appointed on July 24, 2017. On September 18, 2018, Attorney Vaitys filed a petition for consensual license revocation pursuant to Supreme Court Rule (SCR) 22.19.[1]

---

[1] SCR 22.19 provides:

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(continued)

2

¶5 Attorney Vaitys states that he cannot successfully defend himself against the professional misconduct alleged in the complaint or the pending investigations, and states he will make appropriate restitution. On September 18, 2018, the OLR filed a recommendation, supporting Attorney Vaitys' petition.

---

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

¶6 The referee issued a report on January 8, 2019, recommending revocation and restitution.[2] No appeal has been filed in this matter, so our review proceeds pursuant to SCR 22.17(2). We revoke Attorney Vaitys' Wisconsin law license effective the date of this order.

¶7 The first 12 counts of the OLR's disciplinary complaint arise from Attorney Vaitys' representation of T.A. T.A. is an individual with a "wide range of cognitive and comprehension difficulties, including difficulty reading and/or understanding written information." In February 2012, T.A. hired Attorney Vaitys and Attorney Thomas Napierala, a lawyer with another firm, to set aside a mediation agreement and settlement that T.A. had entered in a Milwaukee County Circuit Court case involving the estate of T.J.[3] If they succeeded in setting aside the settlement, the two lawyers would then commence litigation to establish that T.A. was entitled to

---

[2] The OLR's complaint and a summary of the pending investigations are attached to the petition for consensual revocation as Appendices A and B. The OLR later advised the referee that it had determined that W.A. was partially reimbursed and is entitled to restitution of $100, rather than the previously sought $500. By order dated May 14, 2019, this court remanded the matter to the referee for additional factual findings relating to restitution. The referee filed a supplemental report on June 24, 2019, from which neither party has appealed.

[3] This court reprimanded Attorney Napierala for professional misconduct in connection with his representation of T.A. In re Disciplinary Proceedings Against Napierala, 2018 WI 101, 384 Wis. 2d 273, 918 N.W.2d 893.

inherit the T.J. estate.  If not, they intended to appeal and, perhaps, seek review in this court.  The legal work was to be paid from settlement funds that T.A. had received from the T.J. estate (the Probate Award).  Work commenced in February of 2012, but no written fee agreement was signed until November 2012.

¶8  The fee agreement limited what the lawyers could charge for appellate work.  It established a $25,000 "Appellate Fund" trust account.  Fees and costs related to this appellate work were only to be paid from the Appellate Fund, not from the remainder of the Probate Award.  The balance of the Probate Award was to be held in Attorney Vaitys' IOLTA trust account. It was agreed there would be an accounting of any other work previously performed for T.A.  Other than the anticipated appeals, the fee agreement covered no other matters or any subsequent work on the T.J. estate matter.  With respect to non-appellate work, the fee agreement provided that one-third of all fees would be paid to Attorney Vaitys, and two-thirds would be paid to Attorney Napierala.  Work performed by Attorney Napierala was to be billed to and the charges approved by Attorney Vaitys.

¶9  On November 26, 2012, Attorney Vaitys received a check for $161,269.23 representing the settlement funds from the T.J. estate.  Attorney Vaitys deposited the funds in his general IOLTA trust account.  He then transferred $25,000 to the Appellate Fund trust account.

¶10 Thereafter, Attorney Vaitys failed to keep proper records of disbursements, commingled funds, improperly withdrew

5

funds from both the Probate Award in his general IOLTA trust account and from the Appellate Fund trust account, misrepresented account balances, converted funds, improperly billed, made then-prohibited internet banking transactions, failed to make a proper accounting, and failed to file a timely reply brief.  Essentially, Attorney Vaitys improperly took a substantial portion of T.A.'s funds and kept T.A. in the dark about the balance of funds held by Attorney Vaitys and the charges against them.

¶11 Based on the foregoing, the OLR alleged that Attorney Vaitys' handling of the T.A. matter violated a number of the rules of professional conduct, as follows:

> **Count One**:  By failing, prior to November 12, 2012, to communicate in writing to T.A. the scope of the representation and the rate and basis of Attorney Vaitys' fees and expenses, Attorney Vaitys violated SCR 20:1.5(b)(1).[4]

---

[4] The referee emphasized that this failure applied not only to work on the T.J. estate matter performed prior to November 12, 2012, but also to subsequent work unrelated to the appeals and not covered by the November 12, 2012 Fee Agreement.

SCR 20:1.5(b)(1) provides:

> The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past.  If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or
> (continued)

6

**Count Two:** By failing to clearly and accurately communicate with T.A. about the specific amounts Attorney Vaitys disbursed from T.A.'s funds, the total amount of fees Attorney Vaitys believed were due and owing, and the total amount of T.A.'s funds remaining in the trust accounts, so as to provide T.A. with an accurate understanding of Attorney Vaitys' handling of his funds and the total amount of such funds in Attorney Vaitys' possession, Attorney Vaitys violated SCR 20:1.4(a)(3)[5] and SCR 20:1.4(a)(4).[6]

**Count Three:** By converting T.A.'s funds to his own use or benefit, Attorney Vaitys violated SCR 20:8.4(c).[7]

**Count Four:** By charging T.A. $275 per hour for services that were not reasonably billable to T.A., Attorney Vaitys violated SCR 20:1.5(a).[8]

---

expenses shall also be communicated in writing to the client.

[5] SCR 20:1.4(a)(3) provides:  "A lawyer shall keep the client reasonably informed about the status of the matter."

[6] SCR 20:1.4(a)(4)provides:  "A lawyer shall promptly comply with reasonable requests by the client for information."

[7] SCR 20:8.4(c) provides:  "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[8] SCR 20:1.5(a) provides:

A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(continued)

7

**Count Five:** By using T.A.'s funds to pay obligations to other clients or third parties, thereby failing to safeguard and hold those funds in trust, Attorney Vaitys violated SCR 20:1.15(b)(1).[9]

**Count Six:** By failing to take reasonable steps to ensure that Attorney Napierala's billing statements were accurate before paying the same from T.A.'s funds, thereby failing to safeguard and hold those funds in trust, Attorney Vaitys violated SCR 20:1.15(b)(l).

---

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[9] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

8

**Count Seven:** By failing to provide T.A. with accurate, written accountings upon request, Attorney Vaitys violated former SCR 20:1.15(d)(2).[10]

**Count Eight:** By making multiple internet banking transactions related to either T.A.'s appellate trust account or his IOLTA trust account, at a time when such transactions were prohibited, Attorney Vaitys violated former SCR 20:1.15(e)(4)c.[11]

**Count Nine:** By failing to timely file T.A.'s reply brief or to timely file for an extension of time in which to file the reply brief, Attorney Vaitys violated SCR 20:1.3.[12]

**Count Ten:** By holding himself out as trustee of T.A.'s special needs trust, when no such trust existed and Attorney Vaitys was not trustee of any trust related to T.A., Attorney Vaitys violated SCR 20:8.4(c).

**Count Eleven:** By failing to cooperate in the OLR's investigation of the grievance, including making misrepresentations to the OLR during the investigation and by willfully failing to fully and fairly disclose

---

[10] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, 2016 WI 21 (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

Former SCR 20:1.15(d)(2) provided: "Upon final distribution of any trust property or upon request by the client or a 3rd party having an ownership interest in the property, the lawyer shall promptly render a full written accounting regarding the property."

[11] Former SCR 20:1.15(e)(4)c. provided: "A lawyer shall not make deposits to or disbursements from a trust account by way of an Internet transaction."

[12] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

9

all facts and circumstances pertaining to his alleged misconduct after having been notified by the OLR of the matter, Attorney Vaitys violated SCR 22.03(2)[13] and SCR 22.03(6),[14] enforceable via SCR 20:8.4(h).[15]

**Count Twelve:** By making misrepresentations to the OLR during the OLR's initial evaluation of these grievances, Attorney Vaitys violated SCR 20:8.4(c).

¶12 The remaining seven allegations in the complaint relate to misconduct that the OLR identified in the course of investigating the T.A. grievance. These include accounting anomalies affecting other clients, and misrepresentations that

---

[13] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[14] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[15] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

10

Attorney Vaitys made to the OLR in an effort to hide his misconduct. The OLR audited Attorney Vaitys' banking records during the period he represented T.A. and identified at least seven occasions between February 6, 2013 and February 12, 2014 when Attorney Vaitys made other internet banking transfers from the Appellate Fund trust account or general IOLTA trust account to his business account. These transactions were prohibited at the time.

¶13 During the investigation, Attorney Vaitys represented to the OLR that billing statements were supported by contemporaneously created ledgers that he claimed to have gone over with T.A. on a monthly basis. Attorney Vaitys later admitted that these statements and ledgers were fabricated to conceal his misuse of T.A.'s funds.

¶14 Attorney Vaitys also misrepresented the terms of the fee agreement, falsely stating that it provided for up to $43,000 in fees and costs for appellate work, and falsely claiming that he obtained T.A.'s authorization for every disbursement when he had not.

¶15 In addition, during the investigation, Attorney Vaitys procured an affidavit from Attorney Napierala stating that certain funds were not converted because he and Attorney Vaitys had an agreement by which Attorney Vaitys was authorized to offset these amounts against amounts owed to him by Attorney Napierala. However, Attorney Napierala later told the OLR that while there was such an agreement, it did not exist between

11

November 2012 and May 2014 when the funds at issue were converted.

¶16 As noted, T.A. was not the only client affected by Attorney Vaitys' misconduct. The OLR found irregularities in legal matters related to former clients A.H., C.S.M., Y.E., and M.B. On numerous occasions, Attorney Vaitys received funds in which clients or a third party had an interest and failed to notify them; failed to promptly deliver to clients or third parties the funds to which they were entitled; or improperly transferred funds from his trust account into his business account, recorded the transaction as something else, and then never disbursed the funds to the owner. He also deposited funds belonging to clients and third parties into his business account rather than his IOLTA trust account or failed to hold client funds in his trust accounts. For example, in regards to A.H., Attorney Vaitys deposited client funds to his business account to avoid overdrafts of his business account, thereby converting A.H.'s funds.

¶17 The C.S.M. matter involved efforts to collect on a $1,417,204.38 judgment involving the receipt of multiple garnishment checks, of which 66.7 percent would belong to C.S.M., 16.65 percent would belong to Attorney Napierala, and 16.65 percent to Attorney Vaitys. Attorney Vaitys repeatedly failed to promptly deliver received funds to C.S.M. and Attorney Napierala. Sometimes, he deposited the money in his business account and used all of the money for other purposes and never paid it to the rightful owner. On other occasions, he deposited

12

funds belonging to C.S.M. and Attorney Napierala in his trust account but did not keep it there, transferring it to his business account or reserve line. The referee observed that amounts were not large——generally in the low to mid-hundred dollar range——but the occasions were frequent.[16]

¶18 These allegations gave rise to seven additional counts of misconduct:

**Count Thirteen:** By converting client and third party funds to his own use or for the use of other clients or third parties, Attorney Vaitys violated SCR 20:8.4(c).

**Count Fourteen:** By depositing client and third party funds into his Business Account, thereby failing to safeguard and hold client and third party funds in trust, Attorney Vaitys violated SCR 20:1.15(b)(1).

---

[16] Initially, it appeared that Attorney Vaitys might owe restitution to C.S.M. However, the OLR did not seek restitution in this matter, explaining that "[C.S.M.] agreed in a writing provided to OLR that Attorney Vaitys was entitled to retain the funds in question" apparently to cover his fees and costs. See OLR's Restitution Statement at 2. The referee did not reach a different conclusion or recommendation. No restitution is ordered to C.S.M.

It also appeared that Attorney Vaitys might owe restitution to Y.E. The referee observed that Attorney Vaitys' trust account records showed that, of $30,000 in settlement funds, $19,000 were disbursed to Y.E. and $11,000 were retained by Attorney Vaitys, when in fact, he disbursed $15,000 and retained $15,000. By order dated May 14, 2019 we remanded this matter to the referee to determine whether Y.E. might be entitled to restitution. The referee filed a supplemental report on June 24, 2019, confirming that he did not recommend restitution with respect to Y.E. The parties clarified that the apparent discrepancy was due to an error in a ledger, not an actual conversion of funds. No restitution is ordered to Y.E.

**Count Fifteen:** By depositing personal funds into his IOLTA trust account, Attorney Vaitys violated SCR 20:1.15(b)(1).

**Count Sixteen:** By causing Attorney Napierala to sign an affidavit containing false information, Attorney Vaitys violated SCR 20:8.4(c).

**Count Seventeen:** By failing to provide clients and third parties with written notice of his receipt of funds in which they have an interest and by failing to promptly deliver to clients and third parties the funds that they were entitled to receive, Attorney Vaitys violated former SCR 20:1.15(d)(1).[17]

**Count Eighteen:** By making multiple internet banking transactions related to the IOLTA trust account at a time when such transactions were prohibited, Attorney Vaitys violated former SCR 20:1.15(e)(4)c.

**Count Nineteen:** By making misrepresentations to the OLR during the course of its investigation of OLR Matter No. 2016MA1162, including by presenting an affidavit to the OLR that contained a false assertion, Attorney Vaitys violated SCR 22.03(2) and SCR 22.03(6), both enforceable under the Rules of Professional Conduct via SCR 20:8.4(h).

¶19 In addition to the allegations in the OLR complaint, when Attorney Vaitys filed his petition, the OLR was investigating two additional grievances filed by clients W.A.

---

[17] Former SCR 20:1.15(d)(1) provided:

Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

14

and M.B. The W.A. grievance involved neglect of a client matter. The OLR seeks restitution in this matter. The M.B. grievance also involved allegations of carelessness and neglect, but the OLR did not seek restitution for M.B.

¶20 When reviewing a report and recommendation in an attorney disciplinary proceeding, we affirm a referee's findings of fact unless they are found to be clearly erroneous. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We review the referee's conclusions of law on a de novo basis. Id. We determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefitting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶21 Attorney Vaitys admits that he cannot defend against the allegations of the complaint or the pending grievances, explains that he is represented by counsel and understands the rights he is giving up, and agrees that his law license should be revoked and that he should be ordered to make restitution to T.A., to Attorney Napierala, and to W.A. The OLR supports Attorney Vaitys' petition. The referee determined, based on Attorney Vaitys' petition and the OLR's response, by clear, satisfactory, and convincing evidence, that Attorney Vaitys has engaged in serious misconduct, and he recommends that we accept the petition, order restitution, and revoke Attorney Vaitys' license to practice law.

15

¶22 The referee observes that what is disturbing about this matter is not simply the exceedingly careless trust accounting, but the "way in which Attorney Vaitys seemed to regard a vulnerable client as a 'cash cow'——someone whose settlement funds could be used for legal fees without regard to whether the legal services were worth it." The referee cites several cases in support of his conclusion that revocation is appropriate here, despite Attorney Vaitys' lack of prior professional discipline. See, e.g., In re Disciplinary Proceedings Against Mularski, 2010 WI 113, 329 Wis. 2d 273, 787 N.W.2d 834.

¶23 Conversion of client funds may warrant revocation even where, as here, the attorney does not have a prior history of discipline. See, e.g., In re Disciplinary Proceedings Against Wynn, 2014 WI 17, 353 Wis. 2d 132, 845 N.W.2d 663 (granting petition for consensual license revocation filed by an attorney who admitted he used his law practice to misappropriate over three-quarters of a million dollars from dozens of clients); Mularski, 329 Wis. 2d 273.

¶24 Like Attorney Vaitys, Attorney Mularski had not been subject to prior discipline, but he used client money for his own purposes, commingled funds, made misrepresentations, fabricated documents in an effort to exonerate himself, and his trust account was in utter disarray. He was charged with 13 counts of misconduct in three client matters and was subject to eight pending grievance investigations. We granted his petition for consensual license revocation and revoked his law license.

16

¶25 The seriousness of Attorney Vaitys' misconduct demonstrates the need to revoke his law license to protect the public, the courts, and the legal system from the repetition of misconduct, to impress upon Attorney Vaitys the seriousness of his misconduct, and to deter other attorneys from engaging in similar misconduct. See In re Disciplinary Proceedings Against Arthur, 2005 WI 40, ¶78, 279 Wis. 2d 583, 694 N.W.2d 910. We have also specifically observed that "clients that are vulnerable especially require protection from those who abuse their professional position to enrich themselves." In re Disciplinary Proceedings Against Krombach, 2005 WI 170, ¶39, 286 Wis. 2d 589, 707 N.W.2d 146 (citing In re Disciplinary Proceedings Against Gilbert, 227 Wis. 2d 444, 474, 595 N.W.2d 715 (1999)).

¶26 We grant Attorney Vaitys' petition for revocation by consent. See SCR 22.19. We also accept the referee's recommendation regarding restitution, as modified by his supplemental report filed June 24, 2019. Attorney Vaitys is ordered to pay $69,867.46 to T.A. This amount of restitution is consistent with the terms of Attorney Vaitys' petition for revocation by consent, and the OLR's restitution statement filed January 10, 2019. Attorney Vaitys is also ordered to pay $2,130.05 to Attorney Thomas Napierala, and $100 to W.A.

¶27 Finally, we direct Attorney Vaitys to pay the costs of this proceeding which are $4,703.85 as of July 10, 2019. Attorney Vaitys has provided no reason for this court to deviate from its usual practice of imposing full costs. SCR 22.24(1m).

17

¶28 IT IS ORDERED that the petition for revocation by consent is granted and the license of Thomas D. Vaitys to practice law in Wisconsin is revoked, effective the date of this order.

¶29 IT IS FURTHER ORDERED that to the extent he has not already done so, Thomas D. Vaitys shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶30 IT IS FURTHER ORDERED that Thomas D. Vaitys is ordered to pay $69,867.46 to T.A., $2,130.05 to Attorney Thomas Napierala, and $100 to W.A. Thomas D. Vaitys shall reimburse his former clients T.A. and W.A. before satisfying his restitution obligation to Attorney Napierala.

¶31 IT IS FURTHER ORDERED that as a condition of any future petition for reinstatement of his license to practice law in Wisconsin, Thomas D. Vaitys will be required to prove that he has made restitution to or settled all claims of all persons injured or harmed by his misconduct, including reimbursement to the State Bar of Wisconsin Lawyers' Fund for Client Protection for all payments made by that fund, or, if restitution has not been made, Thomas D. Vaitys will need to explain his failure or inability to do so. See SCR 22.29(4m).

¶32 IT IS FURTHER ORDERED that within 60 days of the date of this order, Thomas D. Vaitys shall pay the Office of Lawyer Regulation the costs of this proceeding, which are $4,703.85 as of July 10, 2019.

¶33  IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.