# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1362-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Randy J. Wynn, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |    v. |
| | Randy J. Wynn, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST WYNN

| | |
|---|---|
| OPINION FILED: | March 26, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | ABRAHAMSON, C.J., did not participate. |

ATTORNEYS:

**2014 WI 17**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2013AP1362-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Randy J. Wynn, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

    **v.**

**Randy J. Wynn,**

       **Respondent.**

**FILED**

**MAR 26, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1   PER CURIAM.   Attorney Randy J. Wynn has filed a petition for consensual license revocation under SCR 22.19.[1]

---

[1] SCR 22.19 states as follows:   Petition for consensual license revocation.

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

¶2 Attorney Wynn's license has been suspended since August 9, 2013, pending receipt of additional information needed to render a restitution order. The Office of Lawyer Regulation (OLR) has provided this court with the most complete accounting available and the parties have agreed that it is a final accounting for purposes of this petition. Accordingly, we accept the petition, direct Attorney Wynn to pay restitution as set forth herein, and revoke Attorney Wynn's license to practice law in Wisconsin.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

¶3 Attorney Wynn was admitted to the practice of law in Wisconsin in 1979. He is a solo practitioner from West Allis who, until his suspension, worked primarily in the area of debt collection. He has no previous disciplinary history.

¶4 In November 2012 Attorney Wynn self-reported to the Milwaukee County District Attorney's Office (MCDA) and to the OLR that he had stolen money from his IOLTA client trust account to fund a severe gambling addiction and to pay personal bills. The funds in Attorney Wynn's trust account were generated from money judgments that Attorney Wynn secured on behalf of various clients. Attorney Wynn admitted that he had taken a significant amount of money from his trust account over the past several years; he was not certain of the exact amount.

¶5 In March 2013 Attorney Wynn provided the MCDA with a partial accounting in which he identified dozens of clients from whom he had taken funds totaling $450,923.04. In May 2013 Attorney Wynn provided the OLR with a second partial accounting showing that Attorney Wynn had taken $784,734.87 from numerous clients. Attorney Wynn estimated this second partial accounting was "90% complete."

¶6 The matter came to our attention in June 2013 when Attorney Wynn filed his petition for consensual license revocation. The OLR supported the petition and provided the court with a copy of the second partial accounting. The OLR recommended we require Attorney Wynn to make restitution to the persons and entities identified on the second partial accounting. However, the parties conceded that specific,

3

accurate restitution amounts and apportionments were not readily ascertainable. The OLR asked the court to calculate set-offs to which Attorney Wynn may be entitled, and recommended Attorney Wynn should be required to verify the funds owed. The OLR also informed the court that criminal charges from Milwaukee County were expected and recommended Attorney Wynn be required to comply with any future restitution order that might be entered by the Milwaukee County circuit court.[2]

¶7 This court issued an order directing Attorney Wynn to show cause why his license should not be temporarily suspended pending further inquiry to ensure the court had the most complete accounting possible for purposes of awarding restitution to injured clients. Attorney Wynn was temporarily suspended on August 9, 2013, and the court subsequently ordered the parties to file additional information relating to a final accounting.

¶8 On November 21, 2013, the OLR filed the requested status update. With the information provided by the OLR we are prepared to proceed with Attorney Wynn's petition.

¶9 We agree that revocation is warranted and necessary. This has never been in dispute. Attorney Wynn admitted he used his law practice to misappropriate over three-quarters of a million dollars from numerous persons and entities. Attorney Wynn acknowledged that he cannot successfully defend against misconduct allegations and further acknowledges that he will owe

---

[2] The OLR later withdrew this recommendation.

4

restitution to the clients he has harmed. He notes that he is represented by counsel regarding his criminal liability and has opted to proceed pro se in this disciplinary matter. We grant the petition and we revoke Attorney Wynn's license to practice law in Wisconsin.

¶10 With respect to restitution, the OLR informs the court that the second partial accounting filed with the court in June 2013 remains the most complete accounting available. We are further advised that the information in that list has now been verified by Attorney Wynn; reflects appropriate offsets due Attorney Wynn; and is agreeable to the parties to be final for purposes of this petition. The MCDA has performed spot-checks and cross-referencing of the information in the document, and reported satisfactory results to the OLR. The OLR adds that Attorney Wynn confirms his intent to make restitution as set forth herein, as well as his intent to make restitution to any other clients who may be owed money but do not yet appear on any listing.

¶11 We accept the OLR's recommendation and we direct Attorney Wynn to make restitution to the persons and entities

and in the amounts as shown on Exhibit 1-B, filed by the OLR on November 21, 2013.[3]

¶12 The OLR does not recommend we impose any further conditions upon Attorney Wynn at this time. We accept the OLR's explanation that the issue of appropriate conditions is best addressed in the context of reinstatement. Should Attorney Wynn ever seek reinstatement of his Wisconsin law license he will be required to prove that he has made restitution to or settled all claims of all persons injured or harmed by his misconduct, including reimbursement to the State Bar of Wisconsin Lawyers' Fund for Client Protection for all payments made by that fund, or, if restitution has not been made, Attorney Wynn will need to explain his failure or inability to do so. See SCR 22.29 (4m).

¶13 The filings do not mention costs. In view of Attorney Wynn's apparent intention to cooperate fully with authorities

---

[3] After the petition was filed, the OLR filed a detailed five-page list, entitled Exhibit 1, identifying clients and the amounts of restitution apparently owed to them. In June 2013 we asked the OLR to clarify whether the names of these potential victims should be redacted to protect their privacy. The OLR responded that it did not deem redaction necessary but provided the court with a redacted version of Exhibit 1, in which names were replaced with initials. We directed the Clerk of Supreme Court to seal, until further order of this court, the original Exhibit 1 and we accepted redacted Exhibit 1 for filing.

The parties have now verified appropriate offsets and, to assist the court, the OLR has filed a new document, entitled Exhibit 1-B, listing clients and the restitution they are owed, after offsets. We will not redact the client names set forth on Exhibit 1-B.

and meet his restitution obligations we decline to impose costs in this matter.

¶14  IT IS ORDERED that the license of Attorney Randy J. Wynn to practice law in Wisconsin is revoked effective the date of this order.

¶15  IT IS FURTHER ORDERED that Randy J. Wynn shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been revoked, to the extent he has not already done so.

¶16  IT IS FURTHER ORDERED that Randy J. Wynn shall pay restitution to the persons and entities identified in Exhibit 1-B, filed with the court on November 21, 2013.

¶17  IT IS FURTHER ORDERED that no costs are imposed in this matter.

¶18  SHIRLEY S. ABRAHAMSON, C.J., did not participate.