# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2014AP1242-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Pablo Carranza, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>        Complainant, <br>    v. <br> Pablo Carranza, <br>        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CARRANZA

| | |
|---|---|
| OPINION FILED: | November 13, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | BRADLEY, J., concurs. (Opinion filed.) |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP1242-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Pablo Carranza, Attorney at Law:**

**Office of Lawyer Regulation,**

**Complainant,**

**v.**

**Pablo Carranza,**

**Respondent.**

**FILED**

**NOV 13, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. Attorney Pablo Carranza has filed a petition for voluntary revocation of his license to practice law in Wisconsin pursuant to Supreme Court Rule (SCR) 22.19.[1]

_____

[1] SCR 22.19 provides:

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

(continued)

Attorney Carranza is the subject of eleven Office of Lawyer Regulation (OLR) grievance investigations in which the Preliminary Review Committee (PRC) found cause to proceed with a total of 38 counts of misconduct. In addition, Attorney Carranza is the subject of two additional pending OLR grievance matters that have not yet been fully investigated by the OLR or brought to the PRC. Attorney Carranza states in his petition that he cannot successfully defend against the multiple

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

2

allegations of misconduct that the OLR is currently investigating.

¶2 Attorney Carranza was admitted to the practice of law in Wisconsin in 2005. He has no prior disciplinary violations. His license is, however, currently administratively suspended for failure to pay mandatory bar dues, failure to comply with reporting requirements for continuing legal education, and failure to cooperate with OLR investigations.

¶3 The OLR asks this court to order restitution in two matters. Attorney Carranza acknowledges that restitution is appropriate. The multiple allegations of misconduct will be briefly summarized.

Matter of A.E.

¶4 In January 2012, A.E. hired Attorney Carranza to obtain a release of her boyfriend from Immigration Customs Enforcement. A.E. paid Attorney Carranza a $500 advanced fee that was immediately deposited into Attorney Carranza's business account. There was no written fee agreement. Attorney Carranza thereafter failed to take any action on the immigration matter and failed to respond to several telephone calls requesting information. A.E. terminated Attorney Carranza's services and requested a refund of her advanced fee. Attorney Carranza did not refund the advanced fee.

¶5 In a subsequent investigative interview with the OLR, Attorney Carranza stated he had not yet prepared a final accounting but agreed A.E. was entitled to a refund. Attorney Carranza repeatedly promised and failed to provide a final

accounting and failed to refund the $500 advanced fee to A.E. The PRC found cause to proceed against Attorney Carranza for alleged violations of SCR 20:1.15(b)(4m),[2] SCR 20:1.15(b)(4m)b.,

_____

[2] SCR 20:1.15(b)(4m) provides:

A lawyer who accepts advanced payments of fees may deposit the funds in the lawyer's business account, provided that review of the lawyer's fee by a court of competent jurisdiction is available in the proceeding to which the fee relates, or provided that the lawyer complies with each of the following requirements:

a. Upon accepting any advanced payment of fees pursuant to this subsection, the lawyer shall deliver to the client a notice in writing containing all of the following information:

1. the amount of the advanced payment;

2. the basis or rate of the lawyer's fee;

3. any expenses for which the client will be responsible;

4. that the lawyer has an obligation to refund any unearned advanced fee, along with an accounting, at the termination of the representation;

5. that the lawyer is required to submit any unresolved dispute about the fee to binding arbitration within 30 days of receiving written notice of such a dispute; and

6. the ability of the client to file a claim with the Wisconsin lawyers' fund for client protection if the lawyer fails to provide a refund of unearned advanced fees.

b. Upon termination of the representation, the lawyer shall deliver to the client in writing all of the following:

(continued)

SCR 20:1.16(d),[3] and SCR 22.03(6),[4] enforced via SCR 20:8.4(h).[5] We direct Attorney Carranza to pay restitution to A.E. in the amount of $500.

---

    1. a final accounting, or an accounting from the date of the lawyer's most recent statement to the end of the representation, regarding the client's advanced fee payment with a refund of any unearned advanced fees;

    2. notice that, if the client disputes the amount of the fee and wants that dispute to be submitted to binding arbitration, the client must provide written notice of the dispute to the lawyer within 30 days of the mailing of the accounting; and

    3. notice that, if the lawyer is unable to resolve the dispute to the satisfaction of the client within 30 days after receiving notice of the dispute from the client, the lawyer shall submit the dispute to binding arbitration.

    c. Upon timely receipt of written notice of a dispute from the client, the lawyer shall attempt to resolve that dispute with the client, and if the dispute is not resolved, the lawyer shall submit the dispute to binding arbitration with the State Bar Fee Arbitration Program or a similar local bar association program within 30 days of the lawyer's receipt of the written notice of dispute from the client.

    d. Upon receipt of an arbitration award requiring the lawyer to make a payment to the client, the lawyer shall pay the arbitration award within 30 days, unless the client fails to agree to be bound by the award of the arbitrator.

[3] SCR 20:1.16(d) provides:

    Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding

(continued)

Matter of C.S.S.

¶6 On January 21, 2013, C.S.S. retained Attorney Carranza to help him renew his visa. C.S.S. paid Attorney Carranza a $300 advanced fee. Attorney Carranza took copies of all of C.S.S.'s documents and told C.S.S. that he would contact him in about two weeks and "get things filed." Attorney Carranza thereafter failed to either communicate with C.S.S. or take any action on C.S.S.'s behalf, despite C.S.S.'s numerous attempts to contact Attorney Carranza by telephone, text, and email. He also failed to return C.S.S.'s documents.

¶7 On September 10, 2013, C.S.S. filed a grievance against Attorney Carranza. Attorney Carranza then failed to respond to several letters from the OLR requesting information about the matter.

---

any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 22.03(6) provides that, "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[5] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶8    The PRC found cause to proceed against Attorney Carranza for alleged violations of SCR 20:1.3,[6] SCR 20:1.4(a),[7] two counts of SCR 20:1.16(d), and SCR 22.03(2),[8] enforced via

---

[6] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[7] SCR 20:1.4(a) provides:

A lawyer shall:

(1) Promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in SCR 20:1.0(f), is required by these rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests by the client for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

[8] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer

(continued)

SCR 20:8.4(h).  On May 13, 2014, the Wisconsin Lawyers' Fund for Client Protection (Fund) approved payment of $300 to C.S.S.  The parties agreed that restitution to the Fund is appropriate, and we direct Attorney Carranza to pay restitution to the Fund in the amount of $300.

¶9   The PRC also found cause to proceed in six client matters in which restitution might be appropriate, but because Attorney Carranza failed to provide a final accounting, the amount potentially owed to each client cannot be determined.  Those matters are summarized as follows.

<u>Matter of M.M.</u>

¶10  In January 2012, M.M. retained Attorney Carranza to represent her in a divorce.  She paid Attorney Carranza a $2,000 advanced fee.  There was no written fee agreement.  Attorney Carranza attended three motion hearings between January and May 2013, then his communication with M.M. ceased.  A pre-trial conference was scheduled for August 14, 2013.  Attorney Carranza failed to keep M.M. informed of the status of her case and failed to inform her that his license was suspended on August 1, 2013, for failing to cooperate in other OLR investigations.

¶11 Just prior to the August 14, 2013 pre-trial conference, Attorney Carranza telephoned M.M. and informed her that he was running late but would be there.  He failed to appear at the conference.

---

questions, furnish documents, and present any information deemed relevant to the investigation.

¶12 On August 15, 2013, M.M. filed a grievance with the OLR against Attorney Carranza. Attorney Carranza then failed to respond to several letters from the OLR seeking information. The PRC found cause to proceed against Attorney Carranza for alleged violations of SCR 20:1.4(a)(3), two counts of SCR 20:1.16(d), SCR 22.26(1)(a) and (b),[9] SCR 20:1.5(b)(2),[10] SCR 20:8.4(c),[11] and SCR 22.03(2), enforced via SCR 20:8.4(h). To date, because Attorney Carranza has not submitted an accounting, the amount of a refund, if any, owed to M.M. is unknown.

---

[9] SCR 22.26(1)(a) and (b) provide:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[10] SCR 20:1.5(b)(2) provides that "[i]f the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing."

[11] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

9

Matter of C.S.

¶13  In February 2013, C.S. retained Attorney Carranza to represent her in relation to pending charges of Operating While Intoxicated-Second and Operating with Prohibited Blood Alcohol Content-Second.  She paid Attorney Carranza a $1,000 advanced fee.  Attorney Carranza was present at C.S.'s initial appearance on February 28, 2013, and attended her status conferences on May 14, 2013, and June 26, 2013.  The next status conference was scheduled for August 20, 2013.

¶14  Attorney Carranza failed to keep C.S. informed of the status of her case.  For the most part, he only contacted her on the day of her court appearances, despite the fact that C.S. called and left multiple messages with Attorney Carranza and sent him several emails.  Attorney Carranza also failed to inform C.S. that his license was suspended, effective August 1, 2013.

¶15  On August 20, 2013, Attorney Carranza sent an email to C.S. reminding her of a court date that afternoon.  Later that day, Attorney Carranza texted C.S. and told her he was late for her status conference because he was at a doctor's appointment. At the status conference, the court informed C.S. that Attorney Carranza could no longer represent her.  C.S. subsequently texted Attorney Carranza, who told her he would line up another attorney to represent her and that she would not have to "shell out any more money."  The next day, C.S. texted Attorney Carranza that she had discovered that his license was suspended

and asked for a refund. Attorney Carranza never responded to this text message.

¶16 On August 21, 2013, C.S. filed a grievance with the OLR against Attorney Carranza. Attorney Carranza then failed to respond to multiple letters from the OLR seeking information. The PRC found cause to proceed against Attorney Carranza for alleged violations of SCR 20:1.4(a)(3) and (4), two counts of SCR 20:1.16(d), SCR 22.26(1)(a) and (b), SCR 20:8.4(c), and SCR 22.03(2), enforced via SCR 20:8.4(h). To date, because Attorney Carranza has not submitted an accounting, the amount of a refund, if any, owed to C.S. is unknown.

Matter of R.A.

¶17 In the spring of 2010, R.A. hired Attorney Carranza to advise him about options relating to his personal and business debts. On June 25, 2010, R.A. paid Attorney Carranza a $1,000 advanced fee. Over the next nineteen months, Attorney Carranza and R.A. had several conversations about R.A.'s financial problems, including the option of filing bankruptcy. In August 2010, Attorney Carranza closed his office and moved, and failed to notify R.A.

¶18 On December 22, 2011, R.A. contacted the OLR to file a grievance. The PRC found cause to proceed against Attorney Carranza on an alleged violation of SCR 20:1.4(a)(3). To date, Attorney Carranza has not submitted an accounting in this matter, so the amount of a refund, if any, owed to R.A. is unknown.

11

Matter of A.A.

¶19 On June 2, 2009, A.A. hired Attorney Carranza to represent his brother in connection with a criminal sexual assault case filed in Jefferson County. Because a jury trial was scheduled within nine days, Attorney Carranza informed A.A. that he would only represent the brother if the judge agreed to reschedule the trial date. A.A. paid Attorney Carranza an advanced fee of $2,500. The trial court declined to reschedule the trial. Attorney Carranza then agreed to act in a consultation capacity. After the brother entered a no contest plea, Attorney Carranza agreed to represent him in a subsequent immigration deportation case.

¶20 Attorney Carranza apparently did some legal research into the possibility of getting the brother deported before finishing his prison sentence, but found out this was unlikely. Attorney Carranza advised A.A. that pursuing such a strategy would probably not result in a sentence modification. A.A. asked if there would be any money refunded. Attorney Carranza informed him that he would do a final bill and refund any leftover money. In August 2010, Attorney Carranza closed his law office and moved. Attorney Carranza failed to notify A.A. of his move.

¶21 On March 26, 2012, A.A. filed a grievance with the OLR against Attorney Carranza. The PRC found cause to proceed against Attorney Carranza for alleged violations of SCR 20:1.4(a)(3) and (4), SCR 20:1.15(b)(4m)b, and SCR 22.03(6), enforced via SCR 20:8.4(h). Attorney Carranza promised and

12

failed to prepare a final accounting, so the amount of restitution owed, if any, to A.A. is unknown.

Matter of G.S.

¶22 In January 2012, G.S. and his wife (collectively, G.S.) retained Attorney Carranza to prepare and file a Chapter 7 bankruptcy on their behalf. G.S. paid Attorney Carranza an advanced fee of $1,200. In late May or early June 2012, G.S. informed Attorney Carranza that he wanted the bankruptcy filed immediately. Attorney Carranza informed G.S. that there were information and documents still needed before the bankruptcy could be filed.

¶23 On June 15, 2012, G.S. contacted the OLR to file a grievance against Attorney Carranza, complaining that Attorney Carranza had taken no action on the bankruptcy and had failed to respond to requests for information during the representation. On June 21, 2012, Attorney Carranza filed the Chapter 7 bankruptcy. However, Attorney Carranza then failed to respond to several requests for information from the OLR, resulting in this court issuing an order directing Attorney Carranza to respond or face temporary license suspension for willful failure to cooperate in an OLR investigation.

¶24 Attorney Carranza then emailed a response to the OLR. At a subsequent investigative interview, Attorney Carranza admitted that G.S. had problems contacting him and that "[t]here were various stretches where I just wasn't returning their calls." Attorney Carranza then failed to provide a promised

13

final accounting despite numerous written reminders from the OLR.

¶25 The PRC found cause to proceed against Attorney Carranza for alleged violations of SCR 20:1.4(a)(4), SCR 22.03(2), enforced via SCR 20:8.4(h), and SCR 22.03(6), enforced via SCR 20:8.4(h). To date, because Attorney Carranza has not submitted an accounting, the amount of a refund, if any, owed to G.S. is unknown.

Matter of K.M.

¶26 On January 16, 2012, K.M. retained Attorney Carranza to prepare and file a Chapter 7 bankruptcy. K.M. paid Attorney Carranza a $600 advanced fee. Attorney Carranza represented K.M. for about six months. On June 20, 2012, K.M. left a voicemail message informing Attorney Carranza that she was discharging him and requesting that Attorney Carranza forward her $600 advanced fee to her new attorney.

¶27 K.M. then contacted the OLR on June 26, 2012, to file a grievance complaining that Attorney Carranza had taken no action on her bankruptcy, had failed to respond to her requests for information, and had failed to refund any unearned advanced fee. Attorney Carranza then failed to respond to several letters from the OLR, resulting in this court issuing an order to show cause directing Attorney Carranza to respond within 20 days of the order or face suspension of his license to practice law. Attorney Carranza then sent an email response to OLR.

¶28 At a subsequent investigative interview, Attorney Carranza admitted that K.M. was entitled to a refund, but also

14

stated that he had not yet prepared a final billing. Attorney Carranza then failed to provide the promised final accounting to the OLR despite receiving several written reminders from the OLR. The PRC found cause to proceed against Attorney Carranza for alleged violations of SCR 20:1.16(d), SCR 22.03(2), enforced via SCR 20:8.4(h), and SCR 22.03(6), enforced via SCR 20:8.4(h). To date, because Attorney Carranza has not submitted an accounting, the amount of a refund, if any, owed to K.M. is unknown.

¶29 The PRC also found cause to proceed in three matters in which restitution is not an issue.

Matter of J.S.

¶30 In December 2006, Attorney Carranza was appointed by the Office of the State Public Defender (SPD) to represent J.S. in a Dane County criminal case and probation revocation proceedings. On May 7, 2007, pursuant to a plea agreement, J.S. was convicted. His probation was revoked. On May 26, 2012, J.S. filed a grievance with the OLR complaining that Attorney Carranza had failed to respond to requests from himself and the SPD to send copies of his case file to J.S.

¶31 Attorney Carranza then failed to respond to several letters from the OLR, ultimately resulting in this court issuing an order directing Attorney Carranza to respond within 20 days of the order or face temporary license suspension. Attorney Carranza then emailed a response to the OLR indicating that he had forwarded the requested documents to J.S.

15

¶32 In a subsequent investigative interview, Attorney Carranza agreed to provide the OLR with copies of relevant documents, but failed to do so despite numerous written reminders from the OLR. Attorney Carranza did not submit the requested documents nor did he contact the OLR to explain his failure to submit the documents.

¶33 The PRC found cause to proceed against Attorney Carranza for alleged violations of SCR 20:1.16(d), SCR 22.03(2), enforced via SCR 20:8.4(h), and SCR 22.03(6), enforced via SCR 20:8.4(h). Restitution is not sought in this matter.

Matter of V.G.

¶34 In April 2009, Attorney Carranza was appointed by the SPD to represent V.G. on several charges, including felony armed robbery. On March 9, 2010, V.G. was found guilty on all counts. On July 25, 2012, V.G. filed an appeal, and shortly thereafter he asked Attorney Carranza to send him a copy of his case file. After not receiving a response, on August 12, 2012, V.G. sent Attorney Carranza another letter requesting his case file.

¶35 On September 11, 2012, V.G. filed a grievance with the OLR because Attorney Carranza had failed to respond to his letters or send him a copy of his file.

¶36 Meanwhile, in V.G.'s pending criminal appeal, the court of appeals ordered Attorney Carranza to advise the court of the status of V.G.'s request for his court file. Attorney Carranza failed to respond. The court of appeals again ordered Attorney Carranza to advise the court of the status of V.G.'s

request for his case file, and Attorney Carranza again failed to respond.

¶37 Attorney Carranza finally emailed a response to the OLR, including an electronic copy of V.G.'s file. The court of appeals again directed Attorney Carranza to advise the court of the status of the file request. Attorney Carranza later sent a letter to the clerk of the court of appeals indicating that he had sent V.G. the file as part of his correspondence to the OLR.

¶38 The PRC found cause to proceed against Attorney Carranza for alleged violations of SCR 20:1.16(d) and SCR 20:3.4(c).[12] Restitution is not an issue in this matter.

Matter of Attorney Carranza

¶39 In April 2013, Attorney Carranza was convicted, following entry of a no contest plea, to misdemeanor Operating While Under Influence-Second. Attorney Carranza did not report his conviction to the OLR or to the clerk of the supreme court and, when the OLR learned of the conviction, failed to respond to several notices from the OLR directing him to respond. The PRC found cause to proceed against Attorney Carranza for alleged violations of SCR 20:8.4(b),[13] SCR 21.15(5),[14] enforced via

---

[12] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

[13] SCR 20:8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

17

SCR 20:8.4(f),[15] and SCR 22.03(2), enforced via SCR 20:8.4(h). Restitution is not an issue in this matter.

¶40 There are also two matters in which the OLR's investigation is still pending; one may warrant restitution.

Matter of M.F.

¶41 In July 2012, M.F. retained Attorney Carranza to represent her husband, G.F., regarding his immigration status after he was convicted of misappropriating identification information.

¶42 M.F. paid Attorney Carranza a $2,500 advanced fee, and Attorney Carranza prepared a notice of retainer for both the state criminal case and the immigration matter. Attorney Carranza did not appear at G.F.'s initial immigration hearing on August 23, 2012. After Attorney Carranza failed to appear at the immigration hearing, M.F. attempted to contact him to ask

---

[14] SCR 21.15(5) provides:

> An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the Supreme Court within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

[15] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

for a refund of at least part of the advanced fee. Attorney Carranza failed to respond.

¶43 On October 10, 2013, M.F. filed a grievance with the OLR complaining that Attorney Carranza failed to take any action on her husband's immigration matter, failed to respond to requests for information, and failed to respond to her requests for a return of unearned fees. Attorney Carranza then failed to respond to the OLR's requests for information.

¶44 The OLR is investigating allegations that Attorney Carranza's conduct may have violated SCR 20:1.3, SCR 20:1.4(a), SCR 20:1.16(d), and SCR 22.03(2). To date, because Attorney Carranza has not submitted an accounting, the amount of a refund, if any, owed to M.F. is unknown.

Matter of L.W.

¶45 In July 2012, Attorney Carranza retained L.W. to provide expert witness testimony. L.W. initially requested a $1,000 retainer. Attorney Carranza told L.W. that because his client was a Mexican citizen, the Mexican Consulate would pay the fee. L.W. agreed to handle the case with the expectation that his fees would be paid by the Mexican authorities. Beginning in February 2013, L.W. submitted bills to Attorney Carranza via email. When L.W. did not receive payment, he inquired if Attorney Carranza had received any payments from the Mexican Consulate. Attorney Carranza did not respond nor has L.W. ever received any payment for his work.

¶46 On October 3, 2013, L.W. filed a grievance with the OLR against Attorney Carranza. Attorney Carranza then failed to

19

respond to the OLR's requests for information. The OLR is investigating allegations that Attorney Carranza's conduct may have violated SCR 20:1.15(b), SCR 20:8.4(c), and SCR 22.03(2).

¶47 To date, Attorney Carranza has failed to pay L.W.'s $1,000 fee. However, the OLR explains that "[b]ecause the fee was never under Carranza's control, OLR is not seeking restitution."

¶48 Attorney Carranza's petition for consensual revocation states that he cannot successfully defend against the allegations of professional misconduct set forth in the OLR's summary of the matters being investigated. His petition asserts that he is seeking consensual revocation freely, voluntarily, and knowingly. He states that he understands he is giving up his right to contest the OLR's allegations. He states that he knows he has the right to counsel in this matter but has opted to proceed pro se. The OLR supports Attorney Carranza's petition for consensual license revocation. See SCR 22.19(3). The OLR asks this court to order restitution in the matter of A.E. and C.S.S.

¶49 Having reviewed Attorney Carranza's petition, the OLR's summary of the matters it is investigating, and the OLR's recommendation, we accept Attorney Carranza's petition for the revocation of his license to practice law in Wisconsin. See SCR 22.19(1), (2), and (5). The seriousness of Attorney Carranza's misconduct demonstrates the need to revoke his law license to protect the public, the courts, and the legal system from the repetition of misconduct; to impress upon Attorney

20

Carranza the seriousness of his misconduct; and to deter other attorneys from engaging in similar misconduct. <u>See</u> <u>In re Disciplinary Proceedings Against Arthur</u>, 2005 WI 40, ¶78, 279 Wis. 2d 583, 694 N.W.2d 910. Because Attorney Carranza petitioned for the consensual revocation of his Wisconsin law license before the appointment of a referee, and because the OLR has not requested the imposition of costs, we do not assess the costs of this disciplinary proceeding against Attorney Carranza.

¶50 Concerning restitution, we determine that Attorney Carranza should be required to pay $300 to the Fund in connection with the losses caused by his actions as counsel for C.S.S. We further determine that Attorney Carranza should be required to pay restitution to A.E. in the amount of $500.

¶51 Finally, we note that there are several matters in which the OLR has advised the court that because Attorney Carranza failed to provide a final accounting, the appropriate amount of restitution owed, if any, cannot be determined. We will proceed with this revocation. Should Attorney Carranza ever seek reinstatement, we order that, as a condition of reinstatement of Attorney Carranza's license, Attorney Carranza shall furnish a complete accounting and prove that he has settled all claims related to funds potentially owed to his former clients, specifically including M.M., C.S., R.A., A.A., G.S., K.M., and M.F. <u>See</u> SCR 22.29(4m) (a lawyer petitioning for reinstatement must prove that he or she has made restitution to or settled all claims of persons harmed by the lawyer's misconduct, or must explain the failure or inability to do so);

see also <u>In re Disciplinary Proceedings Against Mularski</u>, 2010 WI 113, ¶¶35, 37, 329 Wis. 2d 273, 787 N.W.2d 834 (revoking attorney's license and requiring attorney to show he made full restitution to his clients at such time as he would seek reinstatement).

¶52 IT IS ORDERED that Attorney Pablo Carranza's petition for consensual license revocation is granted.

¶53 IT IS FURTHER ORDERED that the license of Pablo Carranza to practice law in Wisconsin is revoked, effective the date of this order.

¶54 IT IS FURTHER ORDERED that within 60 days of the date of this order, Pablo Carranza shall pay restitution in the amount of $300 to the Wisconsin Lawyers' Fund for Client Protection and in the amount of $500 to A.E.

¶55 IT IS FURTHER ORDERED that, as a condition of reinstatement of Pablo Carranza's license, Pablo Carranza shall furnish a complete accounting and prove that he has settled all claims related to funds potentially owed to his former clients, specifically including M.M., C.S., R.A., A.A., G.S., K.M., and M.F.

¶56 IT IS FURTHER ORDERED that, to the extent he has not already done so, Pablo Carranza shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶57 ANN WALSH BRADLEY, J. *(concurring).* I agree that the license of Attorney Pablo Carranza should be revoked. I also agree that appropriate restitution should be ordered. I write separately because I part ways with the majority on the issue of restitution.

¶58 The majority in essence is simply following the recommendation of the OLR on the issue of restitution. The recommendation, however, makes little sense to me. I think that restitution should be ordered to all of Attorney Carranza's victims and not merely to two.

¶59 The OLR recommends and the majority orders restitution in the Matter of A.E. The majority notes that A.E. paid $500 in advanced fees. It appropriately orders $500 in restitution, even though Attorney Carranza has not yet prepared a final accounting and there was no written fee agreement.

¶60 In the second case, Matter of C.S.S., the majority appropriately orders $300 in restitution paid to the Wisconsin Lawyers' Fund for Client Protection because the Fund has already approved payment of $300 to the victim.

¶61 So far, so good. It is the majority's failure to order restitution in some of the remaining cases that causes me to pause. And what is the reason for the majority's denial of the requested restitution? "[B]ecause Attorney Carranza failed to prepare a final accounting." Per curiam, ¶9; see also ¶16 (Matter of C.S.); ¶18 (Matter of R.A.); ¶21 (Matter of A.A.); ¶25 (Matter of G.S.); and ¶28 (Matter of K.M.).

1

¶62 It appears inconsistent to me that in the first case, Matter of A.E., restitution is ordered even though no final accounting has been submitted. Yet in other cases restitution is denied because no final accounting has been submitted.

¶63 In the first case Attorney Carranza apparently has agreed that restitution should be paid. Yet, a policy that rests a restitution decision on the acquiescence of the disciplined lawyer is flawed. Further, a policy that rests a restitution decision on whether the disciplined lawyer has yet prepared a final accounting is subject to all sorts of mischief. There is little incentive to do so, where, as here, the discipline is revocation.

¶64 I would order restitution to all of the above victims of Attorney Carranza's unethical behavior. To refrain from doing so puts the disciplined lawyer in the driver's seat. It depends on the disciplined attorney's acquiescence or his inclination to get around to preparing a final accounting. Accordingly, I respectfully concur.